# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2649

_____

United States of America

*Plaintiff - Appellee*

v.

Annette K. Crawley, also known as Keny Sade Bryant, also known as Annette K. Ligon, also known as Annette L. Bryant

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: January 21, 2014
Filed: January 22, 2014
[Unpublished]

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Annette K. Crawley pled guilty to filing a false claim and health care fraud, in violation of 18 U.S.C. §§ 287 and 1347. Her written plea agreement contained an appeal waiver, in which she "knowingly and expressly waive[d] any and all rights to appeal [her] conviction and sentence, . . . including review pursuant to 18 U.S.C.

§ 3742 of any sentence imposed."  The district court[1] varied downward from the applicable Guidelines range and imposed concurrent 48-month prison sentences on each count, 3 years of supervised release, and full payment of restitution.  On appeal, Crawley's counsel moves to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which counsel notes that Crawley entered into an appeal waiver, and argues that the sentence was unreasonable because the court did not properly weigh the 18 U.S.C. § 3553(a) sentencing factors.  Crawley has filed a supplemental brief, in which she argues that her sentence was procedurally and substantively unreasonable, as it was disproportionately longer than the sentences for other defendants convicted of engaging in similar conduct.

After careful de novo review, this court holds that the appeal waiver is valid and shall be enforced.  *See United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009) (standard of review).  Crawley's challenge to her sentence falls within the scope of her appeal waiver; the record reflects that she knowingly and voluntarily entered into the waiver and the plea agreement, and she does not contend otherwise; and enforcing the waiver does not result in a miscarriage of justice, as Crawley's 48-month sentence is within the statutory sentencing ranges for her offenses.  *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered waiver and plea agreement, and enforcing waiver does not result in miscarriage of justice; sentence imposed within statutory range is not miscarriage of justice, and argument that court misapplied Guidelines or abused sentencing discretion is not subject to appeal in face of valid appeal waiver).  *See also* 18 U.S.C. §§ 287, 1347.

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

This court reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), and found no nonfrivolous issues outside the scope of the appeal waiver. The appeal is dismissed.

Allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. Counsel's motion to withdraw is denied without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____